# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 24-1322 |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the United States |
| | ) | District Court for the |
| BERNARD L. CHERRY, | ) | Southern District of Illinois, |
| | ) | Benton Division |
| Defendant-Appellee. | ) | |
| | ) | Case No. 3:23-CR-30112-SMY-1 |
| | ) | |
| | ) | Honorable Staci M. Yandle |

## GOVERNMENT'S STATEMENT OF POSITION AND REQUEST FOR BRIEFING SCHEDULE

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Laura V. Reppert, Assistant United States Attorney, provides this Court with its Statement of Position.

## INTRODUCTION

1. The District Court granted Cherry's motion to dismiss on both facial and as-applied grounds. ECF 29.[1] This court's decisions in *Prince* and *Watson* show the district court's order was legally erroneous on both grounds. Cherry has prior felony convictions for Aggravated Robbery and Attempted Vehicular Hijacking. He also has multiple Federal and State convictions for possessing a firearm as a convicted felon. ECF 21 at 4 and ECF 27 at 2 and note 2-3. These are not the drug-distribution type of priors that

---

[1]Citations to the record in the district court are to "ECF." Citations to this Court's docket are to "CA7 R."

survived an as-applied challenge in *Watson*. Thus, *Prince* and *Watson* do not "directly resolve[]" this appeal. *See United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). Accordingly, the government asks the court to set a briefing schedule for this case.

## BACKGROUND

2. The defendant was charged with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and he pleaded not guilty. ECF 1. On October 21, 2025, the District Court dismissed the indictment against the defendant, finding that § 922(g) violated the Second Amendment both facially and as applied. ECF 29, *Memorandum and Order*.

3. Defendant below raised an as-applied challenge to Section 922(g)(1). In his Motion to Dismiss Indictment, the defendant stated:

> Defendant contends § 922(g)(1), as applied to him, is unconstitutional in violation of the Second Amendment. . . .

ECF 21, *Motion to Dismiss Indictment* at 1.

4. The lower court—entering a standard order it has entered in many cases challenging section 922(g)(1)— granted both facial and as applied relief:

> In sum, Defendant Cherry is included in "the people" protected by the Second Amendment. Because none of the historical laws offered by the Government impose a "comparable burden" on the Second Amendment right of convicted felons to keep and bear arms, the Court finds § 922(g)(1) unconstitutional, facially and as applied.

ECF 29, *Memorandum and Order* at 10.

5. This appeal followed. The appeal was stayed pending this court's decision in *United States v. Prince*, No. 23-3155, 2026 WL 905432, (7th Cir. Apr. 2, 2026) and *United*

*States v. Watson*, No. 24-2432, 2026 WL 905433, (7th Cir. Apr. 2, 2026), both issued April 2, 2026.

**THE GOVERNMENT'S POSITION**

6. This court rejected all facial challenges to § 922(g) in *United States v. Prince*, No. 23-3155, 2026 WL 905432, (7th Cir. Apr. 2, 2026). Accordingly, to the extent Defendant raised a facial challenge (and it does not appear that he did, despite the district court's ruling) and the district court found that § 922(g) is facially invalid, that decision was in error and is directly resolved by *Prince*.

7. The District Court also erred in granting relief on Defendant's as-applied challenge because it rejected the same historic evidence that *Watson* found convincing. The government argued below that "two types of laws are proper historical analogues for § 922(g)(1):" laws categorically disqualifying groups of individuals from possessing firearms, and laws authorizing capital punishment for felonies. ECF 27 at 16-33. The District Court rejected both arguments, concluding that "none of the historical laws offered by the Government impose a 'comparable burden' on the Second Amendment right of convicted felons to keep and bear arms." ECF 29 at 10. *Watson* came to the opposite conclusion and agreed with both arguments the government made in this case: finding a historical tradition of banning groups that "legislatures deemed dangerous," *Watson*, Slip Op. at 12-19, and of imposing the death penalty on most dangerous felonies, suggesting the "lesser restriction" of disarmament was appropriate too, *id.* at 20-22.

8. The District Court also failed to engage in any as-applied analysis of Defendant's specific criminal history, let alone the analysis of dangerousness that *Watson* now

3

requires. *Watson*'s historical overview concluded that "individuals convicted of dangerous felonies pose a risk to society and may be disarmed consistent with the Second Amendment." Slip Op. at 22. *Watson* then analyzed the Defendant's prior convictions and determined that drug-distribution convictions were dangerous felonies falling within the historic tradition it had identified. *Id*. at 22-25 (defendant's "previous felony drug-dealing conviction is inherently dangerous"). Here, the district court's order never even identified the Defendant's prior convictions, let alone made a determination of dangerousness. ECF 29.

9. This court recently affirmed in a case involving a prior drug-distribution felony. *See Karwacki v. Kaul*, No. 25-2361, 2026 WL 905431, at *2 (7th Cir. Apr. 2, 2026) ("But if an as-applied challenge even is possible, a person with a conviction for distributing unlawful drugs cannot be the beneficiary"). And the court has instructed that summary disposition may be an appropriate remedy "when a recent appellate decision directly resolves the appeal." *See United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). But that is not the case here, because *Watson* dealt with a drug-distribution felony and Cherry's priors are not clearly drug-distribution felonies.

10. The government maintains that the defendant's challenges to section 922(g) fail in light of this Court's decisions in *Prince* and *Watson* and that there is an adequate record of his prior convictions for this Court to address the issues. His prior criminal history is reflected in the Government's Response to his Motion to Dismiss, ECF 10, 29, and the defendant did not object to those representations during this litigation. The government

4

believes that this case should proceed to briefing and respectfully requests that this Court

set a briefing schedule.

**Respectfully submitted,**

**THE UNITED STATES OF AMERICA**

**Steven D. Weinhoeft**
**United States Attorney**


**s/ *Laura V. Reppert***
**Laura V. Reppert**
**Assistant United States Attorney**
**Nine Executive Drive**
**Fairview Heights, Illinois 62208**
**(618) 628-3700**